UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

Nos. 97-40327 & 97-40617
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        versus

ROBERT JAY TASHBOOK,

                                        Defendant-Appellant.


_____

Appeal from the United States District Court
for the Eastern District of Texas
(6:96-CR-32-1)
_____


March 20, 1998
Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

        Appellant Tashbook, who pleaded guilty to one count of
traveling in interstate commerce for the purpose of engaging in sexual
acts with a minor and also to possessing three or more visual depictions
transported by computer in interstate commerce of minors engaging in
sexually explicit conduct, appeals one issue in his sentencing.  He
contends that U.S.S.G. § 2G2.4, as effective in 1995, did not explain
how its enhancement for "possessing ten or more . . . items, containing

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the
limited circumstances set forth in 5TH CIR. R. 47.5.4.

a visual depiction involving the sexual exploitation of a minor" applies to depictions stored on a computer. Finding no error in the trial court's sentencing decision, we affirm.

Tashbook contends that the 20-30 graphic images that were contained on his computer and depicted minors engaged in sexually explicit activities were stored in one directory and were therefore like images contained in one magazine, which would be counted as one item for purposes of this sentencing enhancement. This legal argument is foreclosed by Tashbook's guilty plea. First, Tashbook pled guilty to the crime of possessing "<u>three or more</u> visual depictions transported by computer" (emphasis added), a plea utterly inconsistent with the contention that for sentencing purposes, he possessed only one offending item. Second, his guilty plea agreement specifically states that he "possessed ten (10) or more items containing a visual depiction involving the sexual exploitation of a minor <u>as referenced in the specific offense characteristics of U.S.S.G. § 2G2.4.</u>" (emphasis added).

Having stipulated to the precise facts that undergird application of this sentencing enhancement, Tashbook cannot now turn around on appeal and assert that possessing more than three items, and ten or more items of computer-transmitted visual depictions of sexual exploitation of a minor are in fact only one such depiction for criminal purposes. Even if Tashbook had not foreclosed this argument by his own agreement, however, we would be skeptical of the contention that transmission of these images over the Internet could result in a finding that only one offending item existed based solely on the way in which defendant chose to store the images in his computer.

The sentence imposed by the trial court is <u>AFFIRMED</u>.